UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61498-CIV-LENARD/TURNOFF

**MAGDA PIZZINI,**

    Plaintiff,

vs.

**JANET NAPOLITANO, et al.,**

    Defendants.

_____/

## ORDER ADOPTING REPORT OF MAGISTRATE JUDGE (D.E. 88) AND GRANTING DEFENDANT'S MOTION TO DISMISS (D.E. 17)

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge William C. Turnoff ("Report," D.E. 88), issued on June 17, 2011, recommending that this Court grant Defendants' Motion to Dismiss the Complaint (D.E. 17), filed on October 15, 2010. (Report at 14.) The Report recommends that *pro se* Plaintiff Magda Pizzini's ("Plaintiff") Title VII retaliation claim be dismissed with prejudice for failure to exhaust administrative remedies, her hostile work environment and race and/or national origin claims be dismissed without prejudice for failure to state a claim and Plaintiff be granted leave to file an amended complaint asserting only the latter two claims. (*Id.*)

Plaintiff is a Puerto Rican woman employed by the Federal Air Marshal Service and is allegedly the victim of several Title VII violations by her employer due to her race and/or national origin. She claims great distress as a result of Defendants' conduct, continually updating this Court with "Notes" as to Defendants' latest transgression. (*See, e.g.*, Note to

the Honorable Judge Joan Lenard, D.E. 89.)

As an initial matter, the Court cannot take action upon each of these Notes. Plaintiff must amend her complaint if she seeks relief based the latest actions of Defendants. Otherwise, the Court may not consider anything beyond the face of the complaint and its attachments when analyzing a motion to dismiss. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citation omitted). Exceptions exist when the plaintiff references a document that is central to its claim and the defendant attaches the document to its motion to dismiss. (*Id.*) (citations omitted). Additionally, the certainty of having all claims against it in one document, the operative complaint, allows a defendant notice of the claims against it so that it may defend against them, consistent with notions of fairness and justice. The Court offers this advice to Plaintiff as she appears to lack understanding of federal civil practice and cuts a sympathetic figure based on the fervency and apparent desperation of her filings.

The Report aptly describes Plaintiff's Complaint (D.E. 1) as "repetitive and desultory," likely the result of her lack of legal training. (Report at 3.) Nearly all of her submissions in this action suffer from the same deficiencies. In spite of the voluminous nature of Plaintiff's filings, the Magistrate Judge and this Court have reviewed **all** of Plaintiff's *pro se* Motions, Notices and other filings, giving her the benefit of standards lower than the formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the Report and this Court cannot alter facts or re-write allegations that will satisfy all elements of Plaintiff's cause of action. *Aldana v. Del Monte Fresh Produce,*

2

*N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005) (in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is not required to draw plaintiff's inference).

Plaintiff's Opposition to the Report ("Opposition," D.E. 90), filed on June 22, 2011, is similarly unavailing and therefore without merit. It merely restates Plaintiff's version of events, conclusory statements and adds new allegations of harassment. Where Plaintiff directly objects to the Report's findings, she is without support in law or in fact. For example, in response to the Report's finding that her administrative remedies have not been exhausted as to her retaliation claim, Plaintiff cites the unsupported advice of "Civil Rights" that she must file a request for counseling and then wait thirty days to file her formal EEO complaint. (Opp. at 5.) As a result, she considers that time an exhaustion of administrative remedies. (*Id.*) Such a subjective conclusion cannot form the basis of a successful objection to the Report's findings.[1]

After an independent review of the Report, Plaintiff's Opposition and the record, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendation of Magistrate William C. Turnoff (D.E. 52), issued on June 17, 2010, is **ADOPTED**;

2. Defendants' Motion to Dismiss Complaint (D.E. 17), filed on October 15, 2010, is **GRANTED**.

3. Plaintiff Magda Pizzini's Complaint (D.E. 1) is **DISMISSED** with prejudice

---

[1] The Magistrate Judge also held a hearing on January 25, 2011 at which Plaintiff presented oral argument in opposition to Defendants' Motion to Dismiss.

as to her Title VII retaliation claim and **DISMISSED** without prejudice as to her hostile work environment and race and/or national origin claims.

**4.** All other pending motions are **DENIED AS MOOT**;

**5**. Plaintiff's Amended Complaint (D.E. 92), filed on June 24, 2011, is **STRICKEN** as it has been filed prematurely.

**6.** Plaintiff shall have sixty (60) days[2] from the date of this Order to file an amended complaint consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of June, 2011.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff has been provided this extra time in the event she chooses to seek legal representation.